

Jeffrey M. Zielinski
*Direct:* 215.383.0165
*Cell:* 610.908.9302
jzielinski@delucalevine.com

November 18, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: **Philadelphia Indemnity Insurance Company v. Air-Tech Cooling, Inc., et al.**
     **No. 25-CV-2338 (AS)**

Dear Judge Subramanian:

   I represent plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") in this matter. In accordance with your Individual Practices in Civil Cases, please accept this letter-motion as a request to resolve a discovery dispute.

   On or about August 4, 2025, Plaintiff served interrogatories and requests for production of documents on defendant Kel-Mar Designs, Inc. ("Kel-Mar"). *See* Exhibits "A," "B." Kel-Mar's responses were due on September 3, 2025. On September 15, 2025, Plaintiff's counsel emailed Kel-Mar's counsel to inquire when discovery responses could be expected. On September 23, 2025, having heard no response, Plaintiff's counsel again emailed Kel-Mar's counsel to inquire when discovery responses could be expected. On October 28, 2025, having still heard no response, Plaintiff's counsel again emailed Kel-Mar's counsel regarding the overdue discovery responses and requested lead trial counsel's availability between October 28, 2025 and November 5, 2025 for a telephone conference pursuant to your Individual Practices in Civil Cases, ¶ 5—in the absence of which Plaintiff's counsel would assume an impasse had been reached and would seek Court intervention. Counsel for Kel-Mar has still not responded.

   As such, it is evident an impasse has been reached as to this discovery dispute, given Kel-Mar's counsel's repeated failure to respond. Plaintiff therefore seeks the Court's intervention to compel Kel-Mar's overdue responses to interrogatories and requests for production of documents. The discovery deadline in this matter is May 29, 2026.

   Please do not hesitate to contact me if you have any questions or concerns. I thank the Court in advance for its attention.

Honorable Arun Subramanian
November 18, 2025
Page 2

Respectfully Submitted,

**de LUCA LEVINE LLC**

Jeffrey M. Zielinski

**JEFFREY M. ZIELINSKI**

JMZ/kag
cc: All counsel of record (via ECF)


GRANTED IN PART.

Lead counsel for defendants should respond by letter filed with
the Court by November 20, 2025 explaining:
(1) what the status of the outstanding discovery responses is,
(2) why defendants haven't violated this Court's Individual
Practices with respect to good-faith discussions concerning
discovery, and
(3) why sanctions should not be imposed on defendants' counsel
and defendants.

The Clerk of Court is directed to terminate the motion at Dkt. 28.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 18, 2025

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br><br>          **Plaintiff**<br><br>       v.<br><br>AIR TECH COOLING, INC. and KEL-MAR DESIGNS, INC.<br><br>          **Defendants** | **CIVIL ACTION**<br><br>**NO. 1:25-cv-02338** |

**PLAINTIFF'S INTERROGATORIES**
**ADDRESSED TO DEFENDANT, KEL-MAR DESIGNS, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are requested to answer the following interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

1.     The term "Plaintiff" refers to Plaintiff, Philadelphia Indemnity Insurance Company.

2.     The term "Defendant" refers to Defendant, Kel-Mar Designs, Inc., as well as its agent(s), representative(s), employee(s), or attorney(s) submitting answers to these interrogatories.

3.     The term "you" or "your" means the Defendant, and all persons or entities acting under your control or on your behalf.

4.     The term "Incident" means the incident alleged in the Complaint and the events that flowed from this incident.

5.     "Subject Property" means the property located at 42 East 69th Street, New York, NY 10021-5003.

6.     The term "communication" when used herein, means any statement or utterance, whether written or oral, made by one person to another or in the presence of another, or any document delivered or sent from one person to another.

7.     The term "document," when used herein, means all originals of any nature whatsoever, identical copies, and all non-identical copies thereof, pertaining to any medium upon which intelligence or information is recorded in your possession, custody or control regardless of where located; including without limiting the generality of the foregoing, punchcards, printout sheets, movie film, slides, phonograph records, photographs, notes, letters, memoranda, ledgers, work sheets, books of account, brochures, circulars, proofs, sheets, books, magazines, notebooks,

diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgements, invoices, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, emails, telegrams, drafts, data processing discs or tapes, and computer produced interpretations thereof, instructions announcements, schedules, price lists, and mechanical or electrical recordings and transcripts thereof. In all cases, where originals and/or non-identical copies are not available, document also means identical copies of original documents and copies of non-identical copies.

8.      The term "identify," when used herein, has the following meanings:

a.  When used in reference to an individual, it means to state the person's (i) full name; (ii) present business address, or, if unavailable, last known business address; (iii) present home address, or, if unavailable, last known home address; and (iv) business or governmental affiliation and job title, or, if unavailable, last known business or governmental affiliation and job title.

b.  When used in reference to a corporation, it means to state the corporate name and place of incorporation, and all of its present business addresses.

c.  When used in reference to any person other than an individual or corporation, it means to state the person's (i) full name and d/b/a, if any; and (ii) present address or, if unavailable, last known address.

d.  When used in reference to statements and communications it means to describe the statements and communications by: (i) stating the date and place where they were made; (ii) identifying each of the makers and recipients thereof in addition to all the persons present; and (iii) indicating the method of communication used.

e.  When used in reference to a document or documentary evidence, it means to state the type of document (e.g., letter, memorandum, telegram, chart), its author and originator, its date or dates, all recipients and their addresses, its present location or custodian, the topics dealt with therein, with such reasonable particularity as is sufficient for a specific demand for production, and any identifying marks, numerals, code words, or letters distinguishing it from other like documents. If any such document was but no longer is in your possession or subject to your custody or control, state what disposition was made of it. Documents to be identified shall include all those documents in your possession, custody, or control and all of the documents of which you have knowledge.

9.      The space for your answer following each interrogatory is not intended to limit your response in any way or to suggest the length of the answer that is desired. Full and complete answers are requested. If you require additional space to complete any answer, use continuation sheets attached at the end of these interrogatories and indicate on the continuation sheets the number of the interrogatory you are answering.

10.     When an interrogatory calls for an answer in more than one part, each part should be separated in the answer so the answer is clearly understandable.

11.     You are reminded all answers must be made separately and fully, and an incomplete answer is a failure to answer.

12.     If you refuse to answer any interrogatory in whole or part, describe the basis for your refusal to answer, including any claim of privilege, in sufficient detail so as to permit the court to adjudicate the validity of your refusal, and identify each document and oral communication for which a privilege is claimed.

13.     Each party answering these interrogatories is under a continuing duty to seasonably supplement his responses with respect to any question directly addressed to the identify and location of persons having knowledge of discoverable matters; the identify of each person expected to be called as a witness at trial; the identify of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify; and the identity and location of documents relating to the subject matter of the instant lawsuit.  Furthermore, each party is under a duty to amend a prior response immediately upon learning the response is incorrect.

## **INTERROGATORIES**

1.     Please state fully the name of the Defendant, including its "doing business as" registered name(s); its popular name(s), and any changes in its names within the past ten years.

**ANSWER:**

2.     If incorporated, please list each state in which your corporation is incorporated; please give the date in which your firm was incorporated in each state; your corporation's principal place of business; and the names and addresses of all subsidiaries of your corporation.

**ANSWER:**

3.     Please describe fully the type of business performed by you, including whether you are mainly a manufacturer of products or performer of services, and a description of your function, i.e., to produce, sell, distribute, advertise, etc.

**ANSWER:**

4.     Please describe all work you performed at the subject property.

**ANSWER:**

5.     Did you or anyone you know see or witness any part or all of the building of the subject property, including but not limited to the installation of the HVAC system?  If so, please state the name and address (or other identification) of each person who saw or witnessed any part

of such building; in as much detail as you can, describe everything that was seen or noticed by each such person.

**ANSWER:**

6.    Identify the person(s) and/or entity(ies) who:

(a) was responsible for the building of the subject property, including but not limited to the installation of the HVAC system;

(b) was responsible to ensure that the building of the subject property, including but not limited to the installation of the HVAC system, was done correctly; and

(c) was responsible for the supervision of the building of the subject property, including but not limited to the installation of the HVAC system.

**ANSWER:**

7.    In connection with the construction of the subject property, what steps did you and/or any of your agents, employees, or subcontractors take to ensure the HVAC unit would not be subject to damages resulting from a condensate drain clog?

**ANSWER:**

8.    In connection with the construction of the subject property, did you or any of your agents, employees, or subcontractors install, or recommend to be installed, a secondary drain pan or condensate overflow detector/switch (also known as an overflow check) in connection with the HVAC unit?  If not, state why not.

**ANSWER:**

9.    State fully your version of the facts concerning the cause of the damages asserted by Plaintiff in the Complaint in this action.

**ANSWER:**

10.    State all facts currently known and/or discoverable, which support any allegation that persons other than the Defendant were responsible for the incident in question.

**ANSWER:**

11.    Have any persons made any statement(s), written or otherwise, while being interviewed or questioned by you, or on your insurance company's behalf with regard to the incident set forth in the Complaint in this action?  If so, for each statement, indicate their name, address, occupation and relationship to you, if any; the date and place of making; whether signed or unsigned; the names and addresses of all persons present at the making or the signing of each such statement; and the name and address of the person(s) having present custody and control thereof.

**ANSWER:**

12.     Were any investigations, examinations, inspections, tests, experiments, reports, and/or studies made, prepared or submitted by you or on your behalf in the regular course of business or in preparation for litigation arising out of this incident?  (These Interrogatories may be answered without revealing the mental impressions, conclusions, opinions, memoranda, notes of summaries, legal research, or legal theories of your attorney, or those of your representatives ONLY IN REGARD TO THE VALUE, MERIT, STRATEGY, OR TACTICS OF THIS LAWSUIT.)  If so, for each of the above, please state the subject matter contained therein; the identity of the person or persons making, preparing, or submitting same; the identity of the person or persons to whom the investigation report was directed or addressed; and the identity and location of the person having its present custody and control.

**ANSWER:**

13.     Does Defendant possess liability insurance presently and/or at the time of the incident underlying this action?  If so, please state the name of the company, the policy number, and the effective dates of coverage, and the amount of coverage afforded, for each policy of liability coverage.

**ANSWER:**

14.     Please provide the name and address of each factual witness that you intend to employ at the time of the trial in this matter.

**ANSWER:**

15.     State the name and address of any and all expert witnesses who you have retained or specially employed in anticipation of litigation or preparation for trial (include their area of expertise, date(s) of examinations, and/or report(s)).

**ANSWER:**

16.     Please state the substance of the facts and opinions to which each of the above-referenced experts is expected to testify and the summary of the grounds for each opinion (except if such expert is not expected to be called as a witness at trial; in which case, kindly state as such).

**ANSWER:**

17.     Please identify all individuals or entities that placed you on notice of a claim or have filed a claim or lawsuit against you, alleging that they suffered property damages because you acted negligently in the performance of building a property, including but not limited to the installation of an HVAC system. Please enclose a copy of all complaints filed in this regard.

**ANSWER:**

18.     Identify the person(s) associated with you who has (have) the greatest knowledge concerning the information that has been provided in response to these Interrogatories.

**ANSWER:**

19.     Identify each and every person who participated or assisted in the answering of these or any other interrogatories or requests for production of documents in this litigation.

**ANSWER:**

20.     For each person identified in response to the previous Interrogatory, state the specific numbers of the specific interrogatories or requests for production of documents as to which that person provided assistance.

**ANSWER:**

21.     Identify any person not associated with you who provided assistance or counsel to you regarding the answering of these Interrogatories and fully describe the assistance and/or counsel which they gave you in the process of answering these Interrogatories.

**ANSWER:**

22.     Describe in detail how you became aware of the incident at the subject property, what action, if any, you took once you became aware of the incident, and who you notified, including name and current address, of the incident.

**ANSWER:**

23.     Describe your relationship to Air Tech Cooling, Inc.

**ANSWER:**

**de LUCA LEVINE, LLC**

By: /s/Jeffrey M. Zielinski
Jeffrey M. Zielinski, Esquire (*pro hac vice*)
Thaddeus S. Kirk, Esquire (*pro hac vice*)
Kenneth T. Levine, Esquire
de Luca Levine, LLC
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
215-383-0081
215-383-0082 (fax)
jzielinski@delucalevine.com
tkirk@delucalevine.com
klevine@delucalevine.com
Attorneys for Plaintiff,
Philadelphia Indemnity Insurance Company

Dated: 8/4/2025

7

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | |
| **Plaintiff** | **CIVIL ACTION** |
| **v.** | **NO. 1:25-cv-02338** |
| **AIR TECH COOLING, INC. and KEL-MAR DESIGNS, INC.** | |
| **Defendants** | |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF**
**DOCUMENTS ADDRESSED TO DEFENDANT, KEL-MAR DESIGNS, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to respond to the following requests for production of documents and things and entry upon land for inspection and other purposes:

**DEFINITIONS AND INSTRUCTIONS**

A.     These Requests for Production of Documents are continuing in nature. If additional documents are received or discovered prior to the date of trial, a supplemental production of documents is requested, as promptly as reasonably possible.

B.     The term "Plaintiff" refers to Plaintiff, Philadelphia Indemnity Insurance Company.

C.     The term "Defendant" refers to Defendant, Kel-Mar Designs, Inc., as well as its agent(s), representative(s), employee(s), or attorney(s) submitting answers to these interrogatories.

D.     The term "you" or "your" means Defendant and all persons or entities acting under its control or on its behalf.

E.     The word "any" or "all" shall be construed to mean "each and every."

F.     The singular of any word shall include the plural, and the plural of any word shall include the singular.

G.     The term "Incident" means the incident alleged in the Complaint and the events that flowed from this incident.

H.     "Subject Property" means the property located at 42 East 69th Street, New York, NY 10021-5003.

I.      Each and every Document Request requires production of the responsive documents in their entirety without abbreviation or redaction.

J.      The term "document," when used herein, means all originals of any nature whatsoever, identical copies, and all non-identical copies thereof, pertaining to any medium upon which intelligence or information is recorded in your possession, custody or control regardless of where located; including without limiting the generality of the foregoing, punchcards, printout sheets, movie film, slides, phonograph records, photographs, notes, letters, memoranda, ledgers, work sheets, books of account, brochures, circulars, proofs, sheets, books, magazines, notebooks, diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgements, invoices, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, emails, telegrams, drafts, data processing discs or tapes, and computer produced interpretations thereof, instructions announcements, schedules, price lists, and mechanical or electrical recordings and transcripts thereof. In all cases, where originals and/or non-identical copies are not available, document also means identical copies of original documents and copies of non-identical copies.

K.      If a responsive document was, but no longer is, in your possession or subject to your custody or control, describe any such document and the manner in which it was disposed.

L.      If any document is withheld under a claim of privilege or work product, furnish a list identifying each document, together with the following information: the date of the document, the sender, the recipient, the persons to whom copies were furnished, the job title of each recipient, the general subject matter of the document, the number of pages of the document, the basis for the assertion of the privilege, and the location or custodian of the document.

## DOCUMENT REQUESTS

1.      All photographs, motion pictures, slides, videotapes, and any other depictions of (a) the incident; (b) items or evidence taken from the incident scene; (c) the scene of the incident; or (d) the real or personal property allegedly damaged in the incident (taken before, during, or after the loss).

2.      All documents identified in response to any of Plaintiff's Interrogatories.

3.      All documents concerning or pertaining to any investigation, study, inspection, test analysis or examination regarding the incident or the scene of the incident.

4.      All documents concerning any examination, test, analysis, evaluation or study of any item or evidence believed to have been involved in the incident or to have been removed from the incident scene or building involved.

5.      All documents consisting of or referring to any statement or report from any person who claims to be a witness to the incident or who claims to have knowledge of any circumstances surrounding the incident, including but not limited to any report by any insurance adjuster.

2

6.      All documents consisting of or referring to any written or oral communication to or from any person purportedly on behalf of (a) Defendant or its insurer(s), agent(s), representative(s), affiliate(s), subsidiary(ies), parent(s), franchisee(s), contractor(s), subcontractor(s), or employee(s), or (b) any manufacturer or seller of any item or evidence removed from the incident scene or believed to be involved in the incident or its insurer(s), agent(s), representative(s), affiliate(s), subsidiary(ies), parent(s), franchisee(s), contractor(s), subcontractor(s), or employee(s).

7.      All documents consisting of or referring to any statement or report you have obtained from any person not a party to this action relating to the incident, the cause of the incident, the condition of the HVAC unit before or after the incident or the alleged damages.

8.      All communications between you and any person regarding the incident, the cause of the incident, the condition of the HVAC unit before or after the incident, and any work you performed at the subject property.

9.      All documents consisting of, referring to, or relating to any statement, report or testimony given by you or any witness to the incident regarding the alleged damages resulting from the incident.

10.     All contractual documents between you and any other person or entity that in any way relate to the subject property or to any work you performed at the subject property.

11.     All contractual documents between you and any other person or entity in connection with the subject property.

12.     All documents in your file in connection with the work you performed at the subject property.

13.     All documents in your file in connection with any steps you or any of your agents, employees, or subcontractors took to ensure the HVAC unit at the subject property would not be subject to damages resulting from a condensate drain clog.

14.     All documents in your file in connection with any installation or recommended installation by you or any of your agents, employees, or subcontractors of a secondary drain pan or condensate overflow detector/switch (also known as an overflow check) in connection with the HVAC unit at the subject property.

15.     All documents or tangible things you intend to use or offer as an exhibit or demonstrative aid at trial or otherwise show to the trier of fact.

16.     All documents or things given to, received from or produced or compiled by any expert witness retained and expected to be called as a witness in this case.

17.     A resume and curriculum vitae for each expert you have retained and intend upon calling as a witness at trial.

18.     All documents on which any such identified expert relied or used to form or prepare an opinion or report relating to the incident, or this case.

19.     All reports, including drafts, by an expert expected to be called as a witness at trial relating to this case.

20.     All documents reflecting, referring to, or relating to any tests, examinations or investigations performed by any expert expected to be called as a witness at trial relating to this case.

21.     All documents constituting, reflecting, referring to, or relating to any communication by any expert expected to be a witness at trial with any other person concerning the incident, the cause of the incident, the scene of the incident, or this action.

22.     The entire contents of any investigative file or files and any other documentary material in your possession or your insurance company's possession which support or relate to allegations of the Complaint (excluding references to mental impressions, conclusions or opinions concerning the value or merit of the claim or respecting strategy or tactics, privileged communication from and to counsel).

23.     Copies of all complaints or notices of claims received by you.

24.     A copy of your liability insurance in effect at the time of this incident.

25.     Personnel file for all employees who did work at the subject property.

**de LUCA LEVINE, LLC**

By: /s/Jeffrey M. Zielinski
Jeffrey M. Zielinski, Esquire (*pro hac vice*)
Thaddeus S. Kirk, Esquire (*pro hac vice*)
Kenneth T. Levine, Esquire
de Luca Levine, LLC
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
215-383-0081
215-383-0082 (fax)
jzielinski@delucalevine.com
tkirk@delucalevine.com
klevine@delucalevine.com
Attorneys for Plaintiff,
Philadelphia Indemnity Insurance Company

Dated:  8/4/2025

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**<br><br>    **Plaintiff**<br><br>    v.<br><br>**AIR TECH COOLING, INC. and KEL-MAR DESIGNS, INC.**<br><br>    **Defendants** | **CIVIL ACTION**<br><br>**NO.  1:25-cv-02338** |

## CERTIFICATE OF SERVICE

I, Jeffrey M. Zielinski, Esquire, certify that a true and correct copy of Plaintiff's Interrogatories and Requests for Production of Documents Addressed to Defendant Kel-Mar Designs, Inc. was served on August 4, 2025, upon counsel listed below by email.

John T. Hague, Esquire
Hoffman Matlin & Monroy LLP
505 Eighth Avenue, Suite 1101
New York, NY 10018
jhague@hmmnylaw.com
Attorneys for Defendant,
Kel-Mar Designs, Inc.

Kenneth Bruce Brown
James J. Toomey, Law Office
485 Lexington Avenue, 7th Flr
New York, NY 10017
KBBROWN@travelers.com
Attorneys for Defendant,
Air Tech Cooling, Inc.

/s/Jeffrey M. Zielinski
Jeffrey M. Zielinski, Esquire